

MATTHEW M. WALSH (SBN 175004)
mwalsh@dl.com
MINDY YU (SBN 267550)
myu@dl.com
DEWEY & LEBOEUF LLP
333 South Grand Avenue Suite 2600
Los Angeles, CA 90071-1530
Telephone: (213) 621-6000
Facsimile: (213) 621-6100

Attorneys for Defendants
PANASONIC CONSUMER ELECTRONICS
COMPANY, A DIVISION OF PANASONIC
CORPORATION OF NORTH AMERICA, AND
PANASONIC CORPORATION OF NORTH AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

SCOTT NOVOTNY, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, and PANASONIC CORPORATION OF NORTH AMERICA, a California corporation, and DOES 1 through 100 inclusive,

Defendants.

SACV10-01226 DOC (RNBx)
USDC Case No. _____

[Orange County Superior Court Case No. 30-2010-00389759-CU-BT-CXC]

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1446 and 1453**

Complaint Filed: July 14, 2010

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

NOTICE OF REMOVAL

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
2    CENTRAL DISTRICT OF CALIFORNIA:

3         PLEASE TAKE NOTICE that defendants Panasonic Consumer
4    Electronics Company, a division of Panasonic Corporation of North America, and
5    Panasonic Corporation of North America hereby remove to this Court pursuant to 28
6    U.S.C. §§ 1441, 1446 and 1453 the state court action described below.

7         1.      On July 14, 2010, plaintiff Scott Novotny commenced this
8    purported class action in the Superior Court of the State of California for the County
9    of Orange as Case No. 30-2010-00389759-CU-BT-CXC (the "State Court Action"),
10    naming as defendants (a) Panasonic Consumer Electronics Company, a division of
11    Panasonic Corporation of North America ("PCEC"); and (b) Panasonic Corporation
12    of North America ("PCNA"). Because PCEC is an unincorporated division of
13    PCNA, these named defendants are the same legal entity and are referred to in this
14    removal petition as "Panasonic." There are no other named defendants. Attached as
15    Exhibit A are true and correct copies of the following documents filed by plaintiff in
16    the State Court Action: the Complaint and its exhibits, the Summons and the Civil
17    Case Cover Sheet (the "State Court Filings"). Attached as Exhibit B are true and
18    correct copies of the State Court Action docket sheet and the remainder of the
19    documents in the State Court Action file. We are aware of no additional filings by
20    plaintiff as of the date of this Notice of Removal.

21         2.      Plaintiff served the State Court Filings upon Panasonic's
22    California registered agent for service of process on July 19, 2010. Panasonic has not
23    yet responded to the Complaint and Panasonic's time to respond to the Complaint has
24    not expired.

25         3.      This Court has original jurisdiction over the State Court Action
26    under 28 U.S.C. §§ 1332(d) and 1453 of the Class Action Fairness Act of 2005
27    ("CAFA"). As a result, the State Court Action may be removed to this Court
28    pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 under this Court's diversity

<div align="left">
Dewey & LeBoeuf LLP<br>
333 South Grand Avenue<br>
Suite 2600<br>
Los Angeles, CA, 90071-1530
</div>

1

NOTICE OF REMOVAL

1   jurisdiction.

2            4.      Complete diversity for purposes of CAFA exists because
3   Panasonic is, and was at the time of the filing of the complaint, a citizen of different
4   states than plaintiff and the proposed class. See 28 U.S.C. § 1332(d)(2)(A). Plaintiff
5   alleges he is a citizen of the State of California and purports to represent a class of
6   "[a]ll persons in California who purchased the 2008-1010 Panasonic Viera Plasma
7   TVs at any time during the four years preceding the filing of this Complaint."
8   Compl. ¶¶ 4, 18.  On the other hand, Panasonic is incorporated in Delaware and
9   maintains its principal place of business in New Jersey. See California Secretary of
10  State Website at http://kepler.sos.ca.gov/cbs.aspx. Attached hereto as Exhibit C is a
11  true and correct copy of search results obtained directly from the California Secretary
12  of State's "Business Entity Details" as to Panasonic. Additionally, Exhibit E to the
13  Complaint is plaintiff's purported notice and demand to Panasonic under the
14  California Consumer Legal Remedies Act ("CLRA"). That notice is addressed to
15  Panasonic at the same New Jersey address appearing on the California Secretary of
16  State's website, confirming that is Panasonic's principal place of business in the
17  United States. Because defendant Panasonic is a resident of different states than
18  plaintiff and his purported California class, the parties are completely diverse. See 28
19  U.S.C. § 1332(d)(2)(A) and § 1453(b); Hertz Corporation v. Friend, 130 S.Ct. 1181,
20  1192 (2010).

21           5.      CAFA requires that the proposed class number at least 100
22  members. See 28 U.S.C. §1332(d)(5)(B) and § 1453(a). For purposes of this
23  removal petition, Panasonic examined sales records and based on those records
24  determined that in the period from April 1, 2008 through July 31, 2010, one of
25  Panasonic's distribution partners alone sold more than 100,000 Panasonic Viera
26  Plasma televisions in California. As Panasonic has many other distribution partners
27  selling into California, the proposed class numbers far in excess of 100,000 members.

28

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

6.     CAFA also requires that the combined claims of the proposed class exceed $5 million exclusive of interest and costs.  See 28 U.S.C. §1332(d)(2) and § 1453(b).  Plaintiff alleges that "[d]efendants sell the 2008-2010 Panasonic Viera Plasma TVs for thousands of dollars" and that he purchased his 2010 Panasonic Viera Plasma television for $1,099.99 ($1,232.24 with tax).  See Compl. ¶ 10, ¶ 15.  On behalf of himself and the proposed class, plaintiff claims to have "suffered injury-in-fact and damage, including but not limited to, the purchase price of the product."  See Compl. ¶ 14, ¶ 37, ¶ 54.  Plaintiff and the proposed class also seek, among other things, compensatory, special and consequential damages, punitive damages, disgorgement of profits, restitution, statutory damages pursuant to the CLRA and attorney fees.  See Compl. Prayer, ¶¶ 1-9; see also Compl. Exh. E at p. 2 (notice letter demanding that Panasonic "repair or replace all television sets").  CAFA's $5 million aggregate claim threshold is easily exceeded here given that (a) the proposed class consists of more than 100,000 people, each of whom purchased a television costing an alleged minimum of $1,099, and (b) the putative class members each seek damages including but not limited to the purchase price of their televisions, plus additional damages.

7.     Plaintiff's allegation in paragraph 7 of the Complaint that CAFA does not apply because the amount in controversy "does not exceed $5,000,000" is incorrect and does not preclude removal by Panasonic.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007) (defendant may overcome plaintiff's allegation that amount in controversy falls below CAFA thresholds by showing to a legal certainty that the amount in controversy exceeds $5 million); Gugliemino v. McKee Foods Corp, 506 F.3d 696 (9th Cir 2007) (applying preponderance of evidence standard).  Regardless which standard is applied here, given the significant size of this proposed class and the substantial damages sought by each proposed class member, it is without question that the aggregate claims of the proposed class greatly exceed $5,000,000 and this element of CAFA is met.

NOTICE OF REMOVAL

8.     Upon filing of this Notice of Removal, Panasonic provided a copy of this Notice of Removal to all parties of record and also filed a copy with the Clerk of the Superior Court of the State of California for the County of Orange.

Dated: August 13, 2010                              DEWEY & LEBOEUF LLP

261078                              By:_____
                                                     Matthew Walsh
                                                         Mindy Yu
                                    Attorneys for Defendants PANASONIC
                                    CONSUMER ELECTRONICS COMPANY, A
                                    DIVISION OF PANASONIC
                                    CORPORATION OF NORTH AMERICA,
                                    AND PANASONIC CORPORATION OF
                                    NORTH AMERICA

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

# EXHIBIT A

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>─Aashish Y. Desai (SBN 187394); M. Adrianne De Castro (SBN 238930)<br>MOWER, CARREON & DESAI, LLP<br>8001 Irvine Center Drive, Suite 1450<br>Irvine, CA 92618<br>TELEPHONE NO.: (949) 474-3004      FAX NO.: (949) 474-9001<br>ATTORNEY FOR (Name): Plaintiffs Carla Wise, et al. | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/14/2010 at 08:25:52 AM**<br><br>Clerk of the Superior Court<br>By Margaret M Demaria,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CIVIL COMPLEX CENTER

CASE NAME:
Scott Novotny v. Panasonic Consumer Electronics Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2010-00389759-CU-BT-CXC |
|---|---|---|
| ☑ Unlimited        ☐ Limited<br>(Amount            (Amount<br>demanded          demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: HON. RONALD L. BAUER<br>DEPT: CX103 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Four
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 12, 2010

AASHISH Y. DESAI
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

2:45    7/19/10

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | POR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PANASONIC CONSUMER ELECTRONICS COMPANY,
(Additional Parties Attachment is attached)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/14/2010** at 08:25:52 AM

Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SCOTT NOVOTNY, individually, and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Orange County Superior Court | CASE NUMBER:<br>(Número del Caso):<br>30-2010-00389759-CU-BT-CXC |
|---|---|
| 751 West Santa Ana Boulevard --- Civil Complex Center<br>Santa Ana, CA 92701 | HON.  RONALD L. BAUER<br>DEPT CX103 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Aashish Y. Desai, Mower, Carreon & Desai, 8001 Irvine Center Dr. #1450, Irvine, CA 92618; 949-474-3004

| DATE: 07/14/2010<br>(Fecha) | ALAN CARLSON, Clerk of the Court | Clerk, by<br>(Secretario) | *Margaret De Maria*<br>Margaret M Demaria | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Panasonic Corporation of North America, a California Corporation

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NOVOTNY v. PANASONIC | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

A DIVISION OF PANASONIC CORPORATON OF NORTH AMERICA, and PANASONIC
CORPORATION OF NORTH AMERICA, a California corporation, and DOES 1 through 100, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1 | **MOWER, CARREON & DESAI, LLP**
   | AASHISH Y. DESAI (SBN 187394)
2 | M. ADRIANNE DE CASTRO (SBN 238930
   | 8001 Irvine Center Drive, Suite 1450
3 | Irvine, CA 92618
   | Telephone: (949) 474-3004
4 | Facsimile: (949) 474-9001
   | desai@mocalaw.com
5 | decastro@mocalaw.com

6 | Attorneys for Plaintiff, SCOTT NOVOTNY, individually and on behalf
7 | of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/14/2010** at 08:25:52 AM

Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

8

## SUPERIOR COURT OF CALIFORNIA

9

## COUNTY OF ORANGE, CIVIL COMPLEX CENTER

10

11

12 | SCOTT NOVOTNY, individually, and on behalf of all others similarly situated,

13 |           Plaintiffs,

14 | v.

15 | PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION
16 | OF PANASONIC CORPORATION OF NORTH AMERCA, and PANASONIC
17 | CORPORATION OF NORTH AMERCA. a California corporation, and DOES 1 through
18 | 100, inclusive,

19 |           Defendants.

CASE NO. 30-2010-00389759-CU-BT-CXC

**CLASS ACTION COMPLAINT FOR:**

**(1)   UNFAIR BUSINESS PRACTICES;**

**(2)   FALSE ADVERTISING;**

**(3)   VIOLATION OF CONSUMER
        LEGAL REMEDIES ACT; AND**

**(4)   BREACH OF WARRANTY**

**JURY TRIAL DEMANDED**

JUDGE RONALD L. BAUER

DEPT CX103

20

21

22

23

24

25

26

27

28

1

1       Plaintiff Scott Novotny, on information and belief, alleges as follows:

2 <center>**INTRODUCTION**</center>

3      1.     Defendant Panasonic Consumer Electronics Company, a division of Panasonic

4 Corporation of North America, and Panasonic Corporation of North America and Does 1 through

5 100 (collectively "Defendants") manufacture and distribute plasma televisions. In particular, they

6 sell the 2008-2010 models of the Panasonic Viera Plasma televisions. In marketing these

7 products, Defendants promise they have black levels and specific contrast ratios. Black levels

8 and higher contrast ratios produce higher quality images on the screen. For example, as to the

9 2010 Panasonic Viera Plasma Television Plaintiff purchased, Defendant advertised that it has a

10 2,000,000:1 native contrast ratio and that the television will produce the "ultimate picture

11 resolution, all the time."

12      2.     These representations are knowingly false, misleading, reasonably likely to

13 deceive the public, and constitute an unfair business practice. Defendants have knowingly

14 concealed a defect in their products and actively misrepresent the quality of the 2008-2010

15 Panasonic Viera Plasma televisions.

16      3.     Plaintiff brings this class action on behalf of himself and other similarly situated

17 Californians, to enjoin Defendants' ongoing deceptions, correct the false and misleading

18 perception it has created in the minds of consumers, and obtain restitutionary disgorgement

19 and/or monetary damages resulting from Defendants' false and misleading claims.

20

21 <center>**THE PARTIES**</center>

22      4.     Plaintiff Scott Novotny ("Plaintiff") was, at all relevant times, a resident of

23 California. Plaintiff purchased Defendants' products in California from Defendants and suffered

24 injury in fact, and lost money as a result of the unfair competition described herein.

25      5.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are the

26 manufacturers, distributors, and/or seller of the 2008-2010 Panasonic Viera plasma televisions

27 and Defendants are corporations registered and doing business in California.

28 ///

<center>2</center>

1    **GENERAL ALLEGATIONS**

2        6.    Plaintiff is currently ignorant of the true names and capacities, whether individual,

3    corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1

4    through 100, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff

5    will amend this complaint to allege the true names and capacities of said fictitiously named

6    defendants when their true names and capacities have been ascertained. Plaintiff is informed and

7    believe and thereon allege that each of the fictitiously named Doe defendants are legally

8    responsible in some manner for the events and occurrences alleged herein, and for the damages

9    suffered by Plaintiff and members of the class.

10        7.    Plaintiff is informed and believes, and on that basis alleges, that all defendants,

11    including the fictitious Doe defendants, were at all relevant times acting as actual agents,

12    conspirators, ostensible agents, partners and/or joint venturers and employees of all other

13    defendants, and that all acts alleged herein occurred within the course and scope of said agency,

14    employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or

15    implied permission, knowledge, consent, authorization and ratification of their co-defendants;

16    however, this allegation is pleaded as an "alternative" theory wherever not doing so would result

17    in a contradiction with other allegations.

18        8.    All allegations in this complaint are based on information and belief and/or are

19    likely to have evidentiary support after a reasonable opportunity for further investigation or

20    discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations

21    shall be deemed alternative.

22    **JURISDICTION AND VENUE**

23        7.    This Court has jurisdiction over all causes of action asserted herein. The amount

24    in controversy is substantial but does not exceed $5,000,000. There are no federal questions. As

25    such, the Class Action Fairness Act of 2005 does not apply and Defendants are not entitled to

26    remove this action to federal court.

27        8.    Venue is proper in this Court because Defendants conduct business in this County

28    and because Defendants have received substantial compensation from sales in this County.

3

1    Specifically, each Defendant knowingly engages in activities directed at consumers in this

2    County, and each Defendant obtains substantial benefits from the Defendants' common scheme

3    perpetrated in this County. The acts and omissions complained of in this action took place in the

4    State of California. Plaintiff has filed concurrently herewith the declaration of venue required by

5    Civil Code Section 1780(d).

6         9.     All out-of-state defendants can be brought before this Court pursuant to

7    California's "long-arm" jurisdictional statute.

8                                **FACTUAL ALLEGATIONS**

9         9.     Defendants claim that the Panasonic Viera Series Plasma TVs produces "cinema-

10   quality" movies and delivers "sharp, detailed image, and remarkable brightness." Defendants

11   represent that the Plasma HDTVs have specific contrast ratios. A copy of the 2010 Panasonic

12   Viera's Plasma television specifications is attached hereto as Exhibit A and is incorporated into

13   this complaint.

14        10.    Relying on Defendants' claims regarding the picture quality of Panasonic Viera

15   Plasma TVs, Plaintiff purchased a 2010 Panasonic Viera Plasma TV for $1,099.99 (and spent

16   $1,232.24 with tax). After purchasing the product, Plaintiff discovered that the product is

17   defective. According to a statement issued by Defendants, Plaintiff's television has an "automatic

18   control which adjusts an internal driving voltage at predetermined intervals of operational

19   hours... [and that] as a result of this automatic voltage adjustment, background brightness will

20   increase from its initial value." *See* "Panasonic admits plasma TV black level change but says

21   picture quality still excellent," www.cnet.com (February 4, 2010); attached as Exhibit B. In other

22   words, over the course of using the television, the contrast ratios decrease and the image quality

23   deteriorates. Consumers on Cnet.com have complained that the black level increase is abrupt,

24   easily noticeable, and detrimental to picture quality. *See* "Panasonic does not plan to fix for

25   reported black level increases," www.cnet.com (February 9, 2010), attached as Exhibit C. On

26   April 2, 2010, cnet.com announced that long-term tests of two 2009 Panasonic Viera plasma TVs,

27   each TV, after 1,000 hours of use, showed an increase in the level of "black" it can produce,

28   ///

4

1    leading to decreased overall picture quality. *See* "Follow-up: Panasonic plasma black-level loss
2    measured in long-term test," cnet.com (April 2, 2010), attached as Exhibit D.

3        11.    Defendants did not disclose this fact to consumers and Plaintiff did not know this
4    before he purchased the Panasonic television. Had Plaintiff known this fact, he would not have
5    purchased the Panasonic television.    The product Plaintiff purchased does not meet the
6    specifications he was promised because it possesses the same defect in materials that will cause
7    the picture quality to deteriorate over the course of his regular use of the TV. As the Cnet.com
8    articles clarify, Defendants have no plans to fix anything related to the black level-related
9    complaints with its current plasmas. www.cnet.com (February 9, 2010). To date, Defendants
10   have not offered to issuee refunds of provide replacement TVs to purchases of the 2008-2010
11   Panasonic Viera Plasma TVs.

12       12.    Defendants knowingly concealed this information from consumers and uniformly
13   misrepresented that their product possessed certain qualities that it does not have. By concealing
14   this information and misrepresenting the nature and quality of the 2008-2010 Panasonic Viera
15   Plasma TVs, Defendants have violated California consumer laws and engaged in unfair business
16   practices under California Business and Professions Code Sect. 17200.

17       13.    Defendants used defective materials in their 2008-2010 Panasonic Viera Plasma
18   TVs that cause rapid voltage adjustments over the course of their regular use resulting in
19   diminished image quality, sub-standard to the image quality promised to consumers. Though
20   these voltage adjustments are necessary to the functioning of the television, on information and
21   belief, Plaintiff alleges that Defendants use defective materials in their 2008-2010 Panasonic
22   Viera Plasma TVs to make these adjustments at rates higher than necessary, therefore resulting in
23   more rapid deterioration.

24       14.    Plaintiff purchased a 2010 Panasonic Viera Plasma TVs Panasonic Viera in March
25   2010 for his own personal use. In so doing, Plaintiff relied on the representations contained in the
26   advertising and marketing materials and the specifications for his television which included exact
27   numbers about the contrast ratio and specific statements about the picture quality. Plaintiff has
28   ///

5

1    thus suffered injury-in-fact and damage, including but not limited to, the purchase price of the
2    product.

3        15.    Defendants sell the 2008-2010 Panasonic Viera Plasma TVs for thousands of
4    dollars. Each television includes specifications including a specific contrast ratio and includes
5    warranties to ensure the quality of the materials in the 2008-2010 Panasonic Viera Plasma TVs.
6    Based on these express promises to consumers about the precise contrast ratios of their televisions
7    and the materials used in their products, Defendants have wrongfully made and retained millions
8    of dollars in profits from California consumers.

9        16.    Plaintiff is informed and believes, and on that basis alleges, that Defendants
10   continued to market and sell 2008-2010 Panasonic Viera Plasma TVs in the manner described
11   herein after knowing that their marketing and representations were false and misleading, as set
12   forth herein. Defendants' conduct, specifically their failure to disclose the fact that the contrast
13   ratios of their televisions would change, the black levels would increase, and the image-quality
14   would deteriorate over the normal use of the product, were despicable, and were done
15   maliciously, oppressively and/or fraudulently, with a willful and conscious disregard of Plaintiff
16   and class members' rights. The conduct alleged herein was engaged in by representatives of
17   defendants, and officers, directors and/or managing agents of Defendants engaged in, authorized,
18   and/or ratified the conduct complained of herein.

19       17.    The 2008-2010 Panasonic Viera Plasma TVs are covered by express warranties.
20   These warranties cover the products that do not work properly because of a defect in materials or
21   workmanship. Plaintiff alleges that the automatic controls in the 2008-2010 Panasonic Viera
22   Plasma TVs that cause the automatic voltage adjustment are defective materials that are covered
23   by these express warranties. These warranties were breached when the defective materials
24   contained in the 2008-2010 Panasonic Viera Plasma TVs cause the contrast ratios to decrease at
25   faster rates then necessary thus resulting in the deterioration of image quality.

26   ///
27   ///
28   ///

6

1    **CLASS ACTION ALLEGATIONS**

2    18.    Plaintiff brings this action on her own behalf and on behalf of all persons similarly

3    situated pursuant to Code of Civil Procedure §382.  Plaintiff seeks to represent the following

4    class:

5    All persons in California who purchased the 2008-2010 Panasonic

6    Viera Plasma TVs at any time during the four years preceding the

7    filing of this Complaint.

8    19.    Upon information and belief, the scope of this class definition, including its

9    temporal scope, may be further refined after discovery of Defendants' and/or third party records.

10    20.    Excluded from the Class are governmental entities, Defendants, any entity in

11    which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal

12    representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded

13    from the Class is any judge, justice, or judicial officer presiding over this matter and the members

14    of their immediate families and judicial staff.

15    21.    Plaintiff's claims are typical of the claims of the class.  Plaintiff is a member of the

16    classes he seeks to represent.  Plaintiff is a member of a class of consumers, and the members of

17    this class of consumers were similarly situated and similarly affected by the conduct alleged of

18    the defendants and incurred similar damage, as alleged in this complaint, as a result of the

19    conduct of the defendants.  Members of the class are ascertainable from Plaintiff's description of

20    the class and/or Defendants' records and/or records of third parties accessible through discovery.

21    22.    The representative Plaintiff will fairly and adequately represent the members of the

22    class and has no interests which are antagonistic to the claims of the class.  The Plaintiff's

23    interests in this action are antagonistic to the interests of Defendants, and he will vigorously

24    pursue the claims of the class.

25    23.    The representative Plaintiff has retained counsel who are competent and

26    experienced in consumer class action litigation, and have successfully represented consumers in

27    complex class actions.

28    ///

7

24.     Common questions of law and fact impact the rights of each member of the class and a common remedy by way of permissible damages, restitutionary disgorgement and/or injunctive relief is sought for the class.

25.     There are numerous and substantial questions of law and fact common to all members of the class which will predominate over any individual issues.   These common questions of law and fact include, without limitation:

a.  Whether Defendants falsely represented that the 2008-2010 Panasonic Viera Plasma TVs have characteristics that they do not have;

b.  Whether Defendants falsely represented that the 2008-2010 Panasonic Viera Plasma TVs are of a particular standard, quality, or grade;

c.  Whether Defendants knew or should have know that the 2008-2010 Panasonic Viera Plasma TVs had defective materials that would cause black levels to increase, contrast ratios to decrease, and picture quality to deteriorate;

d.  Whether Defendants concealed, suppressed, or omitted a material fact regarding the 2008-2010 Panasonic Viera Plasma TVs;

e.  Whether materials used to create the 2008-2010 Panasonic Viera Plasma TVs were defective materials covered by the express warranties issued with the TVs and if so, whether Defendant breaches these express warranties;

f.  Whether Defendants' representations regarding the 2008-2010 Panasonic Viera Plasma TVs contrast ratios created express warranties; and if Defendants breached these express warranties;

g.  Whether Plaintiff and the Class Members suffered an ascertainable loss of money or property as a result of Defendants misrepresentations, or concealment or omission of material facts;

h.  Whether Defendants' representations regarding the 2008-2010 Panasonic Viera Plasma TVs are fraudulent under Business & Professions Code section 17200;

i.  Whether Defendants' representations regarding the 2008-2010 Panasonic Viera Plasma TVs are unfair under Business & Professions Code section 17200;

8

j.  Whether Defendants' representations regarding the 2008-2010 Panasonic Viera Plasma TVs are unlawful under Business & Professions Code section 17200;

k.  Whether Defendants' representations regarding the 2008-2010 Panasonic Viera Plasma TVs constitute false advertising under Business & Professions Code section 17500;

l.  Whether Defendants were unjustly enriched based on the conduct alleged in this Complaint;

m.  Whether Defendants labeled the 2008-2010 Panasonic Viera Plasma TVs in a way that is misleading in a material respect;

n.  Whether Defendants continued to market and sell the 2008-2010 Panasonic Viera Plasma TVs in the manner described herein after knowing the facts alleged herein; and

o.  Whether the Class members are entitled to declaratory and injunction relief.

26.   A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy. The substantive claims of the representative Plaintiff and the class are nearly identical and will require evidentiary proof of the same kind and application of the same law.

27.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because the class members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Trial of Plaintiff's and the class members' claims are manageable. Unless a class is certified, Defendants will be unjustly enriched at the expense of class members.

28.   There is no plain, speedy or adequate remedy other than by maintenance of this class action because plaintiff is informed and believes that damage to each member of the class is relatively small, making it economically unfeasible to pursue remedies other than by way of a class action.

29.   The persons in the class are so numerous that the joinder of all such persons individually in this case is impracticable, and the disposition of their claims in this case and as

9

1     part of a single class action lawsuit, rather than hundreds or thousands of individual lawsuits, will

2     benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this

3     matter were handled as hundreds or thousands of separate lawsuits.

4           30.     Plaintiff knows of no difficulty that will be encountered in the management of this

5     litigation, which would preclude its maintenance of a class action.

6           31.     The separate prosecution by thousands of individual members of the plaintiff class

7     would likely establish inconsistent standards of conduct for the Defendants and result in the

8     impairment of and potential harm to class members' rights and the disposition of their interests

9     through actions to which they were not parties.

10          32.     Defendants have acted on grounds generally applicable to the entire class, thereby

11     making final injunctive relief or corresponding declaratory relief appropriate with respect to the

12     class as a whole. Prosecution of separate actions by individual members of the class would create

13     the risk of inconsistent or varying adjudications with respect to individual members of the class

14     that would establish incompatible standards of conduct for the Defendants.

15          33.     Without a class action, Defendants will likely retain the benefit of their

16     wrongdoing and will continue a course of action, which will result in further damages to plaintiff

17     and the class. Plaintiff seeks all legally available damages. Plaintiff envisions no difficulty in the

18     management of this action as a class action.

19                      **FIRST CAUSE OF ACTION**

20          **(Unfair Competition Laws - Business & Professions Code §§17200)**

21            **(By Plaintiff and all class members against all Defendants)**

22           34.     Plaintiff and the class re-allege and incorporate by reference the allegations

23     contained in the preceding paragraphs of this complaint, as though fully set forth herein.

24           35.     Business & Professions Code § 17200, prohibits any unfair competition, including

25     any unlawful, unfair or fraudulent business act or practice, and any unfair, deceptive, untrue or

26     misleading advertising and, any other act prohibited by Business & Professions Code §§ 17500,

27     *et. seq.*

28     ///

1    36.    By engaging in conduct that violates Business & Professions Code § 17500,
2  specifically by falsely and misleadingly advertising that the 2008-2010 Panasonic Viera Plasma
3  TVs, in particular advertising that it had specific contrast rations and image quality, Defendants
4  have violated Business and Professions Code § 17200.

5    37.    Plaintiff and the class are informed and believe and on that basis allege that the
6  unlawful, unfair, or fraudulent practices alleged in this complaint are continuing in nature and are
7  widespread practices engaged in by defendants. The acts violate Business & Professions Code
8  § 17200 in the following respects:

9           (a)    Defendants' policy of making claims about the contrast ratios and imagine
10                 quality of the 2008-2010 Panasonic Viera Plasma TVs violates § 17500
                   and the CLRA, and, consequently, constitutes an unlawful business
11                 practice under § 17200;

12          (b)    The harm to the Plaintiffs and the class outweighs the utility of
13                 Defendants' practice and, consequently, constitutes an unfair business
                   practice under § 17200;

14          (c)    Defendants' practice of utilizing deceptive advertising is likely to mislead
15                 the general public and, consequently, constitutes a fraudulent business act
                   or practice within the meaning of § 17200;
16
17          (d)    Defendants' acts of untrue and misleading advertising, as more fully set
                   forth above, are, by definition, violations of § 17200.
18

19    37.    As a result of Defendants' unfair business practices, and untrue and misleading
20  statements, Plaintiff purchased the 2010 Panasonic Viera Plasma TV for $1099.99. Defendants
21  represented that this television had specific characteristics, including a specific contrast ratio.
22  However, as detailed above, this television has a defect that will cause the contrast ratio and the
23  image quality to deteriorate over the course of its normal use. Had Plaintiff known this fact, he
24  would not have purchased this television.  As such, Plaintiff has suffered injury-in-fact and
25  damage, including but not limited to, the purchase price of the product.

26    38.    On behalf of the general public, Plaintiff and the members of the class request that
27  this Court order that Defendants be required to disgorge the profits they have wrongfully obtained
28  ///

1  through the use of the unlawful, unfair, or fraudulent business practices alleged herein, and/or
2  make restitution to Plaintiff and the class members.

3      39.    On behalf of the general public, Plaintiff and the members of the class request that
4  this Court issue a preliminary and permanent injunction against Defendants, and each of them,
5  enjoining them from making false and misleading statement in connection with the sale of their
6  2008-2009 Panasonic Viera Plasma TVs.

7                          **SECOND CAUSE OF ACTION**

8                  **(Violations of Business and Professions Code § 17500)**

9                  **(By Plaintiffs and all class members against all Defendants)**

10     40.    Plaintiffs and the class re-allege and incorporate by reference the allegations
11  contained in the preceding paragraphs of this complaint, as though fully set forth herein.

12     41.    Business & Professions Code § 17500 provides that it is unlawful for any person,
13  firm, corporation, or association, or any employee thereof to intentionally directly, or indirectly
14  perform services, professional or otherwise, or to induce the public to enter into any obligation
15  relating thereto, to make or disseminate in any manner any statement which is untrue or
16  misleading, or which, by the exercise of reasonable care should be known to be untrue or
17  misleading.

18     42.    Defendants have committed acts of untrue and misleading advertising as defined
19  by Business and Professions Code § 17500, by claiming that its 2008-2010 Panasonic Viera
20  Plasma TVs have specific characteristics that guarantee a particular image quality, including
21  specific contrast ratios. Defendants engaged in this false and misleading advertising with the
22  intent to induce members of the public to purchase the 2008-2010 Panasonic Viera Plasma TVs.
23  Indeed, these statements have a "tendency to deceive" a reasonable person from an objective
24  standpoint.

25     43.    These acts of untrue and misleading advertising by Defendants present a
26  continuing threat to members of the public in that they mislead, and are likely to mislead, the
27  public into believing that Defendants' 2008-2010 Panasonic Viera Plasma TVs have specific
28  characteristics related to the image quality of the products.

1    44.    Defendants' conduct was unfair, unlawful, or fraudulent, as described herein, and

2    presents a continuing threat to members of the public in that the 2008-2010 Panasonic Viera

3    Plasma TVs are comprised of defective materials that cause its contrast ratios to decrease, its

4    black levels to increase in black levels, and their image quality to deteriorate over the normal use

5    of the products.    Plaintiffs have no other adequate remedy of law to correct this misleading

6    advertising.

7    45.    Wherefore, Plaintiffs pray for the relief as set forth hereinafter.

8    ### THIRD CAUSE OF ACTION

9    ### (Violation of Consumer Legal Remedies Act)

10    ### (By Plaintiff and all class members against all Defendants)

11    46.    Plaintiff and the class re-allege and incorporate by reference the allegations

12    contained in the preceding paragraphs of this complaint, as though fully set forth herein.

13    47.    Defendants have undertaken unfair methods of competition and unfair or deceptive

14    acts or practices in transactions intended to result or which results in the sale of goods and/or

15    services to a consumer, including but not limited to:

16    48.    Labeling its plasma television sets in a way that is misleading in material respects.

17    a.    Representing that the 2008-2010 Panasonic Viera Plasma TVs have

18    sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities

19    which it does not have, in violation of Civil Code § 1770(a)(5);

20    b.    Representing that the 2008-2010 Panasonic Viera Plasma TVs are of a

21    particular standard, quality, or grade, or that it is of a particular style or model,

22    if it is of another, in violation of Civil Code § 1770(a)(7); and

23    c.    Advertising the 2008-2010 Panasonic Viera Plasma TVs with intent not to sell

24    it as advertised, in violation of Civil Code § 1770(a)(9).

25    49.    As a result of the employment by Defendants of the above-alleged methods, acts,

26    and practices, Plaintiff and the class suffered damage within the meaning of Civil Code § 1780(a),

27    entitling them to restitution, injunctive relief, attorneys' fees, and costs.    Plaintiff and the class

28    further seek compensatory damages, and, in light of Defendants' willful and conscious disregard

13

1   of the rights of Plaintiff and the class, Plaintiff and the class also seek an award of punitive

2   damages. Plaintiff's counsel has mailed to Defendants, by certified mail, return receipt requested,

3   the written notice required by Civil Code Section 1782(a) attached hereto as Exhibit E.

4   Defendants did not respond at all to the letter. As such, Plaintiff seeks monetary damages (both

5   compensatory and punitive) under the CLRA.

6        50.     Plaintiff and the class request that Defendants be enjoined from making false and

7   misleading statement in connection with the sale of their 2008-2010 Panasonic Viera Plasma

8   TVs.

9                          **FOURTH CAUSE OF ACTION**

10                              **(Breach of Warranty)**

11              **(By Plaintiff and all class members against all Defendants)**

12       51.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in

13   the preceding paragraphs of this complaint, as though fully set forth herein.

14       52.     By their advertising statements and television specifications they included with the

15   purchase of the 2008-2010 Panasonic Viera Plasma TVs, Defendants warranted to Plaintiff and

16   class members that the 2008-2010 Panasonic Viera Plasma TVs will have specific qualities and

17   characteristics with regard to the contrast ratios and black levels. Defendants also provided an

18   express warranty to Plaintiff and the class members covering defects in materials or

19   workmanship. Defendants intended Plaintiff and the class members to rely on the representations

20   and warranties Defendants provided regarding the black levels and contrast ratios of the 2008-

21   2010 Panasonic Viera Plasma TVs.

22       53.     Plaintiff and the class relied on Defendants' warranties of the particular quality of

23   the materials, the express contrast ratios, and black levels upon purchasing the 2008-2010

24   Panasonic Viera Plasma TVs. Defendants breached these warranties based on the a defect in the

25   materials of the 2008-2010 Panasonic Viera Plasma TVs which cause rapid automatic adjustment

26   controls that result in decreased contrast ratios, an increase in black levels, and deterioration of

27   the image quality.

28   ///

1      54.    As a result, Plaintiff and the class were damaged, including but not limited to, the

2  purchase price of the products.

3

4                   **PRAYER FOR RELIEF**

5      Wherefore, Plaintiff and members of the class pray for judgment as follows:

6      1.    For general, special, and consequential damages according to proof;

7      2.    For punitive and exemplary damages pursuant to the CLRA;

8      3.    For statutory damages pursuant to the CLRA;

9      4.    For equitable entitlement to attorney's fees and costs from the common fund or

10          other legal theory;

11      5.    For attorney's fees and costs pursuant to the CLRA and/or the California Code of

12          Civil Procedure section 1021.5;

13      6.    For a preliminary and permanent injunction prohibiting Defendants from engaging

14          in the conduct alleged herein;

15      7.    For any and all other relief available under CLRA and Business and Professions

16          Code sections 17200 and 17500, *et. seq.*, including but not limited to disgorgement

17          of profits received and/or restitution;

18      8.    For pre-judgment interest; and

19      9.    For such other and further relief as the Court deems just and proper.

20

21  Date: July 12, 2010               MOWER, CARREON & DESAI, LLP

22                                By _____

23                                Aashish Y. Desai, Esq.

24                                M. Adrianne De Castro, Esq.
                                Attorneys for Plaintiffs SCOTT NOVOTNY

25                                Individually and on behalf of all others
                              similarly situated

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

3

4    Date: July 12, 2010                      MOWER, CARREON & DESAI, LLP

5

6

7                                    By _____
                                        Aashish Y. Desai, Esq.
8                                       M. Adrianne De Castro, Esq.
                                        Attorneys for Plaintiffs CARLA WISE
9                                       Individually and on behalf of all others
                                        similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1    I, Scott Novotny, declare as follows:

2        1.    I am a Plaintiff in this action, and am a citizen of the State of California. I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6        2.    The Complaint in this action, filed concurrently with this Declaration, is filed in

7    the proper place for trial under Civil Code Section 1780(d) in that Orange County is a county in

8    which Defendants are doing business.

9

10       I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct, and that this Declaration was executed on May 10 , 2010,  at

12   Buena Park, California.

13                                    _Scott Novotny_  5/10/10

14                                    Scott Novotny

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1

                    DECLARATION OF SCOTT NOVOTNY RE VENUE

# EXHIBIT A

# Limited Warranty (for U.S.A. and Puerto Rico only)

**PANASONIC CONSUMER ELECTRONICS COMPANY,**
**DIVISION OF**
**PANASONIC CORPORATION OF NORTH AMERICA**
One Panasonic Way
Secaucus, New Jersey 07094

## Panasonic Plasma Television
## Limited Warranty

**Limited Warranty Coverage**
If your product does not work properly because of a defect in materials or workmanship, Panasonic Consumer Electronics Company (referred to as "the warrantor") will, for the length of the period indicated on the chart below, which starts with the date of original purchase ("Limited Warranty period"), at its option either (a) repair your product with new or refurbished parts, (b) replace it with a new or a refurbished equivalent value product, or (c) refund your purchase price. The decision to repair, replace or refund will be made by the warrantor.

| PLASMA TV CATEGORIES | PARTS | LABOR | SERVICE |
|---|---|---|---|
| Up to 42" (diagonal) | 1 (ONE) YEAR | 1 (ONE) YEAR | Carry-In |
| 46" (diagonal) and larger | | | On-Site |

During the "Labor" Limited Warranty period there will be no charge for labor. During the "Parts" Limited Warranty period, there will be no charge for parts.
You must carry-in your product or arrange for on-site service during the Limited Warranty period. If non-rechargeable batteries are included, they are not covered. This Limited Warranty only applies to products purchased and serviced in the United States or Puerto Rico. This Limited Warranty is extended only to the original purchaser of a new product which was not sold "as is". A purchase receipt or other proof of the original purchase date is required for Limited Warranty service.

**On-Site or Carry-In Service**
For On-Site or Carry-In Service in the United States and Puerto Rico call 1-877-95-VIERA (1-877-958-4372).

On-site service where applicable requires clear, complete and easy access to the product by the authorized servicer and does not include removal or re-installation of an installed product. It is possible that certain on-site repairs will not be completed on-site, but will require that the product or parts of the product, at the servicer's discretion be removed for shop diagnosis and/or repair and then returned.

**Limited Warranty Limits And Exclusions**
This Limited Warranty ONLY COVERS failures due to defects in materials or workmanship, and DOES NOT COVER normal wear and tear or cosmetic damage, nor does it cover markings or retained images on the glass panel resulting from viewing fixed images (including, among other things, non-expanded standard 4:3 pictures on wide screen TV's, or onscreen data in a stationary and fixed location). The Limited Warranty ALSO DOES NOT COVER damages which occurred in shipment, or failures which are caused by products not supplied by the warrantor, or failures which result from accidents, misuse, abuse, neglect, bug infestation, mishandling, misapplication, alteration, faulty installation, set-up adjustments, misadjustment of consumer controls, improper maintenance, power line surge, lightning damage, modification, or commercial use (such as in a hotel, office, restaurant, or other business), rental use of the product, service by anyone other than a Factory Service Center or other Authorized Servicer, or damage that is attributable to acts of God.

**THERE ARE NO EXPRESS WARRANTIES EXCEPT AS LISTED UNDER "LIMITED WARRANTY COVERAGE". THE WARRANTOR IS NOT LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM THE USE OF THIS PRODUCT, OR ARISING OUT OF ANY BREACH OF THIS LIMITED WARRANTY. (As examples, this excludes damages for lost time, cost of having someone remove or re-install an installed unit if applicable, or travel to and from the servicer. The items listed are not exclusive, but are for illustration only.) ALL EXPRESS AND IMPLIED WARRANTIES, INCLUDING THE LIMITED WARRANTY OF MERCHANTABILITY, ARE LIMITED TO THE PERIOD OF THE LIMITED WARRANTY.**

Some states do not allow the exclusion or limitation of incidental or consequential damages, or limitations on how long an implied Limited Warranty lasts, so the exclusions may not apply to you.

This Limited Warranty gives you specific legal rights and you may also have others rights which vary from state to state. If a problem with this product develops during or after the Limited Warranty period, you may contact your dealer or Service Center. If the problem is not handled to your satisfaction, then write to the warrantor's Consumer Affairs Department at the addresses listed for the warrantor.

**PARTS AND SERVICE (INCLUDING COST OF AN ON-SITE SERVICE CALL, WHERE APPLICABLE) WHICH ARE NOT COVERED BY THIS LIMITED WARRANTY ARE YOUR RESPONSIBILITY.**

52



# Panasonic

Model No.
Número de modelo

**TC-P42S2**
**TC-P46S2**
**TC-P50S2**
**TC-P54S2**

Operating Instructions
42"/46"/50"/54" Class 1080p Plasma
HDTV
(41.6/46.0/49.9/54.1 inches measured diagonally)

Instrucciones
Televisión de alta definición de 1080p
clase 42"/46"/50"/54" de Plasma
(41.6/46.0/49.9/54.1 pulgadas medida diagonalmente)

# VIErn

For assistance (U.S.A./Puerto Rico), please call:
1-877-95-VIERA (958-4372)
or visit us at www.panasonic.com/contactinfo
For assistance (Canada), please call:
1-866-330-0014
or visit us at www.vieraconcierge.ca
Para solicitar ayuda (EE.UU./Puerto Rico)
favor de llamar al:
1-877-95-VIERA (958-4372)
o visítenos en www.panasonic.com/contactinfo



**Quick Start Guide**
► See page 8-16

**Guía de inicio rápido**
► vea la página 8-16

 



| English | Thank you for purchasing this Panasonic product. Please read these instructions before operating your set and retain them for future reference. The images shown in this manual are for illustrative purposes only. |
| --- | --- |
| Español | Gracias por su decisión de comprar este producto marca Panasonic. Lea estas instrucciones antes de utilizar su televisor y guárdelas para consultarlas en el futuro. Las imágenes mostradas en este manual tienen solamente fines ilustrativos. |

TQB2AA0570

# Specifications

| | | TC-P42S2 | TC-P46S2 |
|---|---|---|---|
| Power Source | | AC 120 V, 60 Hz | |
| | Maximum | 298 W | 331 W |
| | Standby condition | 0.3 W | 0.3 W |
| | Drive method | AC type | |
| | Aspect Ratio | 16:9 | |
| | Visible screen size (W × H × Diagonal) | 42 " class (41.6 inches measured diagonally) | 46 " class (46.0 inches measured diagonally) |
| | | 36.2 " × 20.4 " × 41.6 " (921 mm × 518 mm × 1,057 mm) | 40.1 " × 22.5 " × 46.0 " (1,019 mm × 573 mm × 1,169 mm) |
| | (No. of pixels) | 2,073,600 (1,920 (W) × 1,080 (H)) [5,760 × 1,080 dots] | |
| | Audio Output | 20 W [10 W + 10 W] (10 % THD) | |
| Channel Capability (Digital/Analog) | | VHF/ UHF:  2 - 69, CATV:  1 - 135 | |
| Operating Conditions | | Temperature:  32 °F – 104 °F (0 °C – 40 °C) Humidity:  20 % – 80 % RH (non-condensing) | |
| | VIDEO IN 1-2 | VIDEO:  RCA PIN Type × 1   1.0 V [p-p] (75 Ω) AUDIO L-R:  RCA PIN Type × 2   0.5 V [rms] | |
| | COMPONENT IN 1-2 | Y:  1.0 V [p-p] (including synchronization) Pв, Pв:  ±0.35 V [p-p] AUDIO L-R:  RCA PIN Type × 2   0.5 V [rms] | |
| | HDMI 1-3 | TYPE A Connector × 3 ● This TV supports "HDAVI Control 5" function. | |
| | Card slot | SD CARD slot × 1 | |
| | DIGITAL AUDIO OUT | PCM / Dolby Digital, Fiber Optic | |
| FEATURES | | 3D Y/C FILTER CLOSED CAPTION           V-Chip VIERA IMAGE VIEWER    HDAVI Control 5 | |
| | Including pedestal | 40.6 " × 27.8 " × 12.1 " (1,029 mm × 704 mm × 307 mm) | 44.6 " × 30.4 " × 14.1 " (1,132 mm × 771 mm × 357 mm) |
| | TV Set only | 40.6 " × 26.1 " × 3.7 " (1,029 mm × 661 mm × 93 mm) | 44.6 " × 28.5 " × 3.7 " (1,132 mm × 722 mm × 93 mm) |
| | Including pedestal | 55.2 lb. (25.0 kg) | 64.0 lb. (29.0 kg) |
| | TV Set only | 50.7 lb. (23.0 kg) | 59.6 lb. (27.0 kg) |



[TC-P42S2]                    [TC-P46S2]

**Note**

● Design and Specifications are subject to change without notice. Mass and Dimensions shown are approximate.

50

| | | TC-P50S2 | TC-P54S2 |
|---|---|---|---|
| Power Source | | AC 120 V, 60 Hz | |
| | Maximum | 353 W | 459 W |
| | Standby condition | 0.3 W | 0.3 W |
| | Drive method | AC type | |
| | Aspect Ratio | 16:9 | |
| | Visible screen size (W × H × Diagonal) (No. of pixels) | 50 ″ class (49.9 inches measured diagonally) | 54 ″ class (54.1 inches measured diagonally) |
| | | 43.5 ″ × 24.4 ″ × 49.9 ″ (1,105 mm × 622 mm × 1,268 mm) | 47.1 ″ × 26.5 ″ × 54.1 ″ (1,198 mm × 673 mm × 1,374 mm) |
| | | 2,073,600 (1,920 (W) × 1,080 (H)) [5,760 × 1,080 dots] | |
| | Audio Output | 20 W [10 W + 10 W] (10 % THD) | |
| Channel Capability (Digital/Analog) | | VHF/ UHF:  2 - 69, CATV:  1 - 135 | |
| Operating Conditions | | Temperature:    32 °F – 104 °F (0 °C – 40 °C) Humidity:        20 % – 80 % RH (non-condensing) | |
| | VIDEO IN 1-2 | VIDEO:           RCA PIN Type × 1    1.0 V [p-p] (75 Ω) AUDIO L-R:     RCA PIN Type × 2    0.5 V [rms] | |
| | COMPONENT IN 1-2 | Y:                    1.0 V [p-p] (including synchronization) Pв, Pв:           ±0.35 V [p-p] AUDIO L-R:     RCA PIN Type × 2    0.5 V [rms] | |
| | HDMI 1-3 | TYPE A Connector × 3 ● This TV supports "HDAVI Control 5" function. | |
| | Card slot | SD CARD slot × 1 | |
| | DIGITAL AUDIO OUT | PCM / Dolby Digital, Fiber Optic | |
| FEATURES | | 3D Y/C FILTER CLOSED CAPTION            V-Chip VIERA IMAGE VIEWER        HDAVI Control 5 | |
| | Including pedestal | 48.0 ″ × 32.2 ″ × 14.1 ″ (1,218 mm × 817 mm × 357 mm) | 51.7 ″ × 34.8 ″ × 15.3 ″ (1,313 mm × 882 mm × 387 mm) |
| | TV Set only | 48.0 ″ × 30.3 ″ × 3.7 ″ (1,218 mm × 769 mm × 93 mm) | 51.7 ″ × 32.8 ″ × 3.8 ″ (1,313 mm × 832 mm × 94 mm) |
| | Including pedestal | 70.6 lb. (32.0 kg) | 86.0 lb. (39.0 kg) |
| | TV Set only | 66.2 lb. (30.0 kg) | 79.4 lb. (36.0 kg) |

● Specifications

FAQs, etc.

[TC-P50S2]



48.0 ″ (1,218 mm)
3.7 ″ (93 mm)
32.2 ″ (817 mm)
30.3 ″ (769 mm)
17.2 ″ (436 mm)
14.1 ″ (357 mm)

[TC-P54S2]

51.7 ″ (1,313 mm)
3.8 ″ (94 mm)
34.8 ″ (882 mm)
32.8 ″ (832 mm)
22.4 ″ (567 mm)
15.3 ″ (387 mm)

Note

● Design and Specifications are subject to change without notice. Mass and Dimensions shown are approximate.

51

# EXHIBIT B

Panasonic admits plasma TV black level change but says picture quality...          http://news.cnet.com/8301-17938_105-10447329-1.html

Crave

What's Hot: **PlayStation Move | Android | iPad | Nexus One | E-readers | Friday Poll**

February 4, 2010 9:16 AM PST

# Panasonic admits plasma TV black level change but says picture quality still 'excellent'

by David Katzmaier

39  retweet          Share   22



Panasonic says black level increases are automatic as part of normal operation. (Credit: Sarah Tew/CNET)

*Update March 3, 2010: CNET testing points to the extent of the black level increase in affected plasmas. Click here for details.*

In response to **complaints** reporting a loss in black level performance in its plasma TVs over time, Panasonic has issued a statement.

It admitted that "background brightness will increase," but described the change as "automatic" over the TVs' lifespan and part of normal operation in order to "achieve the optimal picture performance throughout the life of the set."

It also said that newer plasma TVs will include a "more gradual change in Black Level over time," but made no mention of a fix for existing plasma TVs, whose owners **first noted the issue** at enthusiast Web site AVS forum.

Here's the entire statement as e-mailed to CNET, entitled "Automatic Control of Contrast over Operational Lifetime."

*Panasonic Viera plasma HDTVs deliver exceptional picture performance throughout the lifetime of these products. Various elements and material characteristics of all electronic displays change with use over time. In order to achieve the optimal picture performance throughout the life of the set, Panasonic Viera plasma HDTVs incorporate an automatic control which adjusts an internal driving voltage at predetermined intervals of operational hours.*

*As a result of this automatic voltage adjustment, background brightness will increase from its initial value. After several years of typical use, the internal material characteristics will stabilize and no additional automatic voltage adjustments are required. The Black Level at this stabilized point will yield excellent picture performance.*

*The newest Viera plasma HDTVs incorporate an improved automatic control which applies the voltage adjustments in smaller increments. This results in a more gradual change in the Black Level over time.*

**More questions than answers**

I first contacted Panasonic seeking comment on January 11 , and the company has not responded until this statement, which was e-mailed to me Wednesday, February 3. Though arguably better than silence, the statement leaves too many major questions unanswered.

I have followed up with Panasonic seeking those answers, asking, among other questions, if/when a fix is planned for current TVs to address owner complaints; at what "predetermined intervals" do the the voltages increase; when do the materials stabilize; what the quantitative difference is between the initial black level and the "stabilized point"; which are the "newest Viera plasma HDTVs" referred to in the statement; and what should owners do who are unsatisfied with the

Page 31

Panasonic admits plasma TV black level change but says picture quality...                 http://news.cnet.com/8301-17938_105-10447329-1.html

picture quality of their TVs. I'll update this story when I receive a reply.

**The big picture for plasma**

As I mentioned in the original report, I haven't seen a Panasonic plasma affected by the lighter black levels yet, so it's impossible for me to reply to the big question of whether the loss of black level performance is significant enough to make the TV pale in comparison to its competitors. Many eyewitnesses believe it is, judging from the original thread at AVS forum and from a few of the comments on the report, but other owners are less definitive or report no change.

I began a long-term test using two 2009 Panasonic plasmas in my lab, but it will be at least a month before I can expect to notice any change in black level. Of course, I'll report back when that happens.

I'll also report that since 2005, my main TV at home has been a Panasonic TH-50PHD8UK plasma, and I've never noticed a change in its black level performance. At CNET, we didn't hear of this issue until we read the reports on AVS forum, and to our knowledge, past Panasonic plasmas, as well as models by LG, Pioneer and Samsung, have delivered basically consistent black levels over time.

That's why, despite Panasonic's statement that "all electronic displays change with use over time" and that after said change its sets still have "excellent picture performance," I tend to believe owners who describe the black level increase in the company's latest plasmas as unusual and ultimately detrimental to picture quality.

A quote included in my original report accords perfectly with much of Panasonic's eventual statement, enforcing that belief. In it a respected calibrator who goes by the screen name D-Nice, citing sources within the company, called the too-aggressive voltage increase a "goof" on the part of Panasonic engineering. The closest Panasonic has come to admitting as much is contained in its reference to an improved, more gradual change in new models.

**Now what?**

My main job at CNET is to provide buying advice regarding TVs, and Panasonic plasmas were one of my go-to recommendations. The 50-inch G10 was the most popular TV on CNET during 2009, and the V10 series earned the only Editors' Choice award I handed out to any flat-panel TV last year. In fact, after I reviewed the 2009 models, my dad bought a TC-P42X1, two of my colleagues at CNET, Matthew Moskovciak and John Falcone, bought TC-P50G10s and another, David Carnoy, bought a TC-P65S1 (we're keeping tabs on the black levels of those sets, too). It's safe to say that many readers of this Web site did the same thing dad, John, Matt and David did: buy a solid-to-excellent HDTV for a good price, and be perfectly happy with the picture quality. Judging from reader reaction, that happiness may be in jeopardy.

Nothing halts a shopper's reach for his wallet better than doubt, so I believe it's in Panasonic's best interest to answer those lingering questions. Until that happens, it's going to be hard for me to recommend the company's TVs without a degree of uncertainty.

 David Katzmaier reviews HDTVs for CNET. E-mail David or follow him on Twitter @katzmaiercnet.

**Echo 7 Items**                                                                                        Admin

 **Monica Obregon**
& @SarahWickett <3. http://www.http://www.formspring.me/monicaobregon spasm me.
Saturday, May 08, 2010, 2:20:04 PM -- Flag                                                               via Twitter

**Pavilion Lake**
RT @NASA_Astronauts Astro_Mike: Learn about what astronaut Chris Hadfield and his crew are doing underwater: http://www.http://bit.ly/aA9IE7
Friday, May 07, 2010, 10:31:53 PM -- Flag                                                               via Twitter

**Ben Cowie**
RT @NASA_Astronauts Astro_Mike: Learn about what astronaut Chris Hadfield and his crew are doing underwater: http://www.http://bit.ly/aA9IE7
Friday, May 07, 2010, 10:32:50 PM -- Flag                                                                via Twitter

**Zachary Hartley**
Android browser tries to be too smart and fails. If I copy and paste a URL from a web page I end up with http://www.http://www.foo.com
Thursday, May 06, 2010, 10:42:18 PM

# EXHIBIT C

Panasonic does not plan fix for reported black level increases | Crave ...          http://news.cnet.com/8301-17938_105-10449939-1.html

Crave

What's Hot: PlayStation Move | Android | iPad | Nexus One | E-readers | Friday Poll

February 9, 2010 9:12 AM PST

# Panasonic does not plan fix for reported black level increases

by David Katzmaier

22  retweet        Share   11



Panasonic says no fix is planned for black level increases.
(Credit: Sarah Tew/CNET)

*Update March 3, 2010: CNET testing points to the extent of the black level increase in affected plasmas. Click here for details.*

"Since the TVs work as designed, there's nothing to fix."

That answer comes from Bob Perry, Senior VP of Panasonic Consumer Electronics Company, in reply to a follow-up question CNET asked in response to the company's February 3 statement addressing reports about the company's plasma TVs losing their deep black levels over time.

That statement maintained that the plasmas' black levels are designed to brighten over time ("background brightness will increase from its initial value") to compensate for the normal aging process, but suggested that picture quality was still "excellent" after the compensation period was complete and the "internal material characteristics...stabilize."

In a February 5 phone call with CNET (also attended by CNET editors and Bill Schindler, an independent engineering consultant for Panasonic), Perry confirmed that the company has no plans to fix anything related to the black level-related complaints with its current plasmas. He echoed the explanation in the original statement and elaborated somewhat on the black level increase. He likened it to rotating the tires on a car--an example of standard maintenance--and said that some users noticed the change "because they have trained eyes," although he also said that the change is subtle "even among trained experts."

He did not go into specifics on many points, however, claiming that some answers might give away trade secrets and that lack of standards for black level measurement make it "very difficult to make meaningful comparisons."

He reiterated that owner satisfaction was very high and that the vast majority of owners don't notice any change at all. See the end of this article for the full text of an e-mail sent by Perry the morning of February 9, with Perry's complete responses to CNET's follow-up questions.

### Gray areas

Perry's answer that there's nothing to fix seems to contradict statements made by respected calibrator D-Nice, citing sources within Panasonic. In an e-mail to CNET, D-Nice wrote: "It seems as if Panasonic Engineering goofed on a portion of their software that modifies the pixel voltage levels periodically. All plasmas have a voltage control system that adjusts pixel voltage at predefined hours of use to ensure pixels do not misfire. However, Panasonic's software seems to be going overboard in this area. The end result is an elevated idle black that worsens as more hours are clocked on the display." He made similar statements first on the AVS forum thread that originally surfaced those user complaints.

Some user comments to the previous two CNET articles, as well as postings to the AVS thread such as the measurements painstakingly collected here, seem to support the "goof" theory with eyewitness accounts that the black level increase is abrupt, easily noticeable, and detrimental to picture quality. Meanwhile, Panasonic's statement that new 2010 plasmas

feature "more gradual change in the black level over time" seems to confirm that the behavior of the 2009 models is less than ideal, although Panasonic characterizes it as "a natural part of our product development efforts and how our products evolve."

On the other hand, other posts and comments note no change at all.

Ironclad confirmation of the extent of the black level rise--the crucial question as far as I'm concerned as a TV reviewer--is still elusive. I haven't seen the black level change myself. Perry did offer to set up a demo featuring new vs. aged panels so I could judge for myself, but considering Panasonic's vested interests, I wouldn't consider any result from such a demo meaningful.

Instead, I am currently long-term testing a pair of Panasonic plasmas and have noted no increase in black levels over the last week, but that doesn't mean much since by the company's own estimation, the adjustment process takes years. Of course, those tests will continue indefinitely. Given my tests and the fact that numerous CNET editors use Panasonic plasmas every day at home, I'm confident that meaningful results will manifest eventually.

**Buying advice**

The fact remains that it's now the end of the 2009 TV buying cycle and the company's current plasmas are going for rock-bottom prices to make way for the new 2010 models. Those '09 Panasonic sets are pretty tempting and, at least initially, should deliver excellent picture quality.

**But if I were buying a plasma TV right now, I would avoid the 2009 line of Panasonic plasmas.** The user reports cited above, and Panasonic's statement that the 2010 models feature a more gradual change, are currently enough to make me doubt the long-term picture quality of the company's 2009 plasmas. See our Best products lists for more details on alternative models; the Samsung PNB650 and PNB850/860 models are my (new) current favorites among 2009 plasmas.

That said, I won't be modifying my reviews or ratings of 2009 Panasonic plasmas beyond including a prominent Editors' Note referring to this issue, and removing the Editors' Choice award from the V10 series (hey, I just said it wouldn't be my choice). My hands-on reviews must reflect my actual experience, and for now that experience is of mostly excellent black level performance. The same restriction will apply to any 2010 Panasonic plasma TV reviews, and to all of my reviews in general. If my tests or other experience eventually reveals anything different, you'll hear about it here first.

**Bob Perry e-mail**

What follows is the full text of the email replies Perry sent in reply to CNET's follow-up questions.

Q: Is a fix planned for current TVs to address owner complaints? If so, when? If not, why not?

*A: Of course, electronic display characteristics change over time. Our sophisticated Viera displays are designed to automatically adjust over time, too, to optimize their performance and reliability. Since the TVs work as designed, there's nothing to fix.*

Q: At what "predetermined intervals" do the voltages increase? Hour counts? If so, what are they and how much do the increases affect black levels each time?

*A: As you can understand, exactly how this works is proprietary information that we regard as a trade secret. We can't give away trade secrets.*

Q: When do the materials stabilize? The statement mentioned "years," anything more specific?

*A: It varies based on the assumptions you make, but it would be safe to assume that around three years, more or less, is a reasonable approximation.*

Q: What is the quantitative difference between the initial black level and the "stabilized point" referred to in the statement?

*A: There is no agreed-upon standard way of measuring this, making it very difficult to make meaningful comparisons. Even at the stabilized value, our models' black level performance is excellent. You can see that by comparing sets that have reached the stabilized value with new*

Panasonic does not plan fix for reported black level increases | Crave ...          http://news.cnet.com/8301-17938_105-10449939-1.htm

*Panasonic sets and or other makers' sets. And my offer to demo that for you still stands.*

Q: Which are the "newest Viera plasma HDTVs" referred to in the statement? Please provide model numbers and, if current (2009) models are affected, how can a shopper determine between old and new ones, e.g. those with and without the more-gradual increases?

*A: 2010 model year Viera TVs, which are being produced now, feature a more gradual automatic adjustment process.*

Q: If the voltage increases are normal and current TVs have "excellent" performance, why do the newest TVs have a more gradual change?

*A: We continuously make improvements in our products every year, that's a natural part of our product development efforts and how our products evolve. As a result of design improvements in the 2010 PDP panels, the adjustment that takes place is now more gradual.*

Q: Have all plasmas always lightened in terms of black level over time? Has Panasonic ever publicly addressed the long-term black level performance of its plasma TVs?

*A: All displays, CRT, Projection, DLP, LCD and Plasma, have specific performance characteristics that change over time. Customer satisfaction with our Viera Plasma's has been excellent. We are confident that the long-term black level performance will continue to provide customers with an excellent picture over years of use. As for your specific question, companies in the consumer electronics business, including Panasonic, only specify the initial values of their displays and do not project those values into the future.*

Q: What should owners do who are unsatisfied with the picture quality of their TVs?

*A: There is no reason for dissatisfaction with a product that works as it was intended to and provides industry-leading excellent black level performance. However, customers do have access to the Panasonic Plasma Concierge Program, which can provide advice and assistance on all customer satisfaction issues.*



David Katzmaier reviews HDTVs for CNET. E-mail David or follow him on Twitter @katzmaiercnet.

# EXHIBIT D

Crave

What's Hot: PlayStation Move | Android | iPad | Nexus One | E-readers | Friday Poll

April 2, 2010 8:58 AM PDT

# Follow-up: Panasonic plasma black-level loss measured in long-term test

by David Katzmaier

7  retweet     Share   3



This 2009 Panasonic V10 plasma in CNET's lab now produces a black about as deep as that on a Samsung. (Credit: CNET/Sarah Tew)

Previous CNET tests of Panasonic plasma TVs measured differences in black-level performance seemingly related to the age of the televisions. New results from our follow-up testing further confirms that relationship.

On January 26, after we heard about the potential problem, we began long-term tests of two 2009 Panasonic plasma review samples we had in our lab, a TC-P50V10 and a TC-P54S1. Now, after about 1,000 hours of use, each TV has shown an increase in the level of "black" it can produce, leading to decreased overall picture quality.

The latest measurements of the V10 reveal a black level of 0.016 footlamberts at 982 hours of use, compared with the 0.008 we measured previously. Black on the S1 measures 0.017 after 1,012 hours, compared with a previous 0.011.

These results are similar to increases we measured on a TC-P50G10 and a TC-P42G10. Neither was aged under controlled conditions in our lab, but both reproduced black at 0.023 ftl after about 1,500 hours (at the average rate of 5.2 hours per day, a TV logs about 1,900 hours in a typical year). We suspect that more aging of our two in-house models will result in similar rates of increase, but only further testing will tell.

In comparison, the deepest black levels we've recorded are 0.001 ftl--as low as our Konica Minolta LS-100 meter will accurately measure--seen on models like the LG LH8500, the Samsung UNB8500, and the Pioneer Kuro. Samsung's 2009 PN50B650, a direct competitor to Panasonic, measured 0.018. We do not have hours of use data for non-Panasonic TVs in our lab, but we have no evidence that other TVs, plasma or otherwise, show similar losses in black-level performance over such periods of time.

Panasonic has indicated that it has modified its 2010 line of plasma TVs to introduce a "more gradual change in black level over time." We have yet to test any 2010 Panasonic plasma--the company promises to deliver a review sample in the next couple of weeks--but when we do we will also conduct long-terms tests as best we can. We are also exploring a long-term test regimen for other TV products, but can't promise anything yet.

See below for more information, in-depth discussions, and buying advice on this issue.

Related:
Tests point to extent of loss in Panasonic plasma black-level performance (3/2/2010)
Panasonic does not plan fix for reported black-level increases (2/9/2010)
Panasonic admits plasma TV black-level change but says picture quality still 'excellent' (2/4/2010)
Are Panasonic plasma TVs losing their dark black levels? (1/26/2010)

The following products are available:

Follow-up: Panasonic plasma black-level loss measured in long-term te...          http://news.cnet.com/8301-17938_105-20001640-1.htm

**On Sale Now: $1,139.88 - $1,646.83**
View the latest prices for Panasonic Viera TC-P50G10

**On Sale Now: $2,288.18 - $2,699.99**
View the latest prices for LG Infinia 47LE8500

**On Sale Now: $1,239.88**
View the latest prices for Panasonic Viera TC-P54S1

**On Sale Now: $829.00 - $1,199.95**
View the latest prices for Panasonic Viera TC-P42G10

**On Sale Now: $5,399.00**
View the latest prices for Samsung UN55B8500

 David Katzmaier reviews HDTVs for CNET. E-mail David or follow him on Twitter @katzmaiercnet.

**Echo 16 Items**                                                                                          Admin

**Monica Obregon**
& @SarahWickutz <3. http://www.http://www.formspring.me/monicaobregon spasm me.
Saturday, May 08, 2010, 2:20:04 PM – Flag                                                                  via Twitter

**Pavilion Lake**
RT @NASA_Astronauts Astro_Mike: Learn about what astronaut Chris Hadfield and his crew are doing underwater: http://www.http://bit.ly/aA9IE7
Friday, May 07, 2010, 10:31:53 PM – Flag                                                                   via Twitter

**Ben Cowie**
RT @NASA_Astronauts Astro_Mike: Learn about what astronaut Chris Hadfield and his crew are doing underwater: http://www.http://bit.ly/aA9IE7
Friday, May 07, 2010, 10:32:50 PM – Flag                                                                   via Twitter

**Zachary Hartley**
Android browser tries to be too smart and fails. If I copy and paste a URL from a web page I end up with http://www.http://www.foo.com
Thursday, May 06, 2010, 10:42:18 PM – Flag                                                                 via Twitter

**Cheapo**
RT famtabandfrugal: FF Post: NYC: Exclusive Discount for New Flower Subscription Company H.BLOOM http://ow.ly/17hR9... http://ow.ly/17hTxu
Thursday, May 06, 2010, 11:48:15 AM – Flag                                                                 via Twitter

**harrika**
harrika1: harrika1: harrika1: harrika1: Hi Wt is the Process for education loan ? http://su.pr/23RpfT http://su.pr/1SAETu http://s
Thursday, May 06, 2010, 2:50:26 AM – Flag                                                                  via Twitter

**Karmic Tweets**
"recognition and validation, empowering users to pay it forward through the recognition of noteworthy content." http://su.pr/1vpqY0 http://s
Wednesday, May 05, 2010, 4:16:00 PM – Flag                                                                 via Twitter

**RJShawn Biddle**
RT @DR_E_WATERS: 05.11.10 Natl Dropout Prev Ctr/network radio webcast 3:30-4:30 http://www.https://www.dropoutprevention.org/webcast/
Tuesday, May 04, 2010, 4:02:34 PM – Flag                                                                   via Twitter

**Eric Waters, Ed.D.**
@dropoutnation Tu 05.11.10 Natl Dropout Prev Ctr/network radio webcast 3:30-4:30 http://www.http://www.dropoutprevention.org/webcast/
Tuesday, May 04, 2010, 1:46:28 PM – Flag                                                                   via Twitter

**Debbie J. Elder**
Head 2 Down Under Wines & Bistro in Gilbert 2 night: http://www.http://vinifera4mportaz.wordpress.com - Check out the Events Section

2 of 3                                                                                                    6/3/2010 10:17 AM

Follow-up: Panasonic plasma black-level loss measured in long-term te...        http://news.cnet.com/8301-17938_105-20001640-1.htm



~ Flag                                                                                        via Twitter

ramon barahona
Going to - http://www.http://www.sandals.com/main/montego/mo-home.cfm.com/
Thursday, April 29, 2010, 8:57:23 AM ~ Flag                                                   via Twitter

TierraColorada
Recomiendo esta post: http://www.http://www.xtramos.net//posts/xtramos/4649/Mi-aporte-para-ayudar-a-X-.html
Wednesday, April 28, 2010, 11:11:10 AM ~ Flag                                                 via Twitter

Peter Stone Jewelry
Get your favorite Jewelry for 50% Off next week! Post your favorite piece on our Facebook page! http://bit.ly/d5rala
Wednesday, April 28, 2010, 6:44:11 AM ~ Flag                                                  via Twitter

Talk2Us
Talk2Us supports PRISA in Zululand: ... http://to.ly/37nq
Wednesday, April 28, 2010, 5:45:55 AM ~ Flag                                                  via Twitter

Lu Mello *
Hey Okay *_* http://www.http://www.youtube.com/watch?v=6oGnVpMQZ24youtube.com/watch?v=6oGnVpMQZ24
Tuesday, April 27, 2010, 7:14:06 PM ~ Flag                                                    via Twitter

山口かなえ
@H_Massuno　男系ロンhttp://www.http://goo.gl/rPWc「選が負ければ、井上ひまし先生の画像い話も聞けますよ。」もうどんなに選が良くても話聞けません・・・
もっと多くに知っていれば！
Tuesday, April 27, 2010, 3:45:34 AM ~ Flag                                                    via Twitter

Social Networking by

# EXHIBIT E

# MOWER, CARREON & DESAI, LLP

AASHISH Y. DESAI
EMAIL: desai@mocalaw.com

8001 IRVINE CENTER DRIVE, SUITE 1450
IRVINE, CA 92618
www.mocalaw.com

(949) 474-3004
FAX: (949) 474-9001

May 7, 2010

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

Panasonic Consumer Electronics Co.
Division of Panasonic Corp. of North America
1 Panasonic Way
Secaucus, NJ 07094-2917

     *Re:*   *Violations of California's Consumer Legal Remedies Act*

Ladies and Gentlemen:

     **Please give this letter your complete and immediate attention.**

## I. Introduction

I am writing on behalf of an individual, as well as a class of similarly situated persons, to advise you that your company has violated and continues to violate the California Consumer Legal Remedies Act.

## II. Factual Background

Your company markets 2008, 2009 and 2010 model year plasma televisions as having industry leading deep black levels and extremely high contrast ratios that produce a high quality image. In reliance upon these representations, individuals have purchased your plasma television sets. However, after a few months of use, the television sets do not produce nearly the same image quality as you represented it would produce. The tone and the depth have deteriorated and the initial contrast ratio has also considerably diminished. Based upon recent statements to news outlets, Panasonic has admitted that this problem is a result of so-called "automatic voltage adjustments" which lead to the lower image quality.

## III. Summary of Violation

Panasonic made numerous representations to consumers through its advertising and marketing materials, including its warranties and product guides that it was an industry leader for plasma television sets.

*Re:  Violations of California's Consumer Legal Remedies Act*
May 7, 2010
Page 2

Panasonic knew or should have known that the picture quality of the sets that it sold would be subject to dramatic and sudden deterioration. Nonetheless, it failed to disclose these facts and continued to market and sell its plasma television sets to customers throughout California.

Panasonic's conduct violates the California Consumer Legal Remedies Act by, without limitation:

1.  Falsely representing that its plasma televisions are of a particular standard, quality or grade;

2.  Falsely advertising that their plasma televisions have characteristics, uses and benefits which it does not have;

3.  Falsely inducing customers to purchase its plasma televisions;

4.  Placing advertising materials for sale to the general public when they do not materially conform to the product's actual quality;

5.  Making unsubstantiated claims as to the black levels and contrast ratios of its plasma television sets; and

6.  Labeling its plasma television sets in a way that is misleading in material respects.

## IV.  Demand for Relief

We respectfully request that Defendant:

1.  Adequately disclose the deterioration of the picture quality problem for the affected television sets;

2.  Adequately disclose the useful life of the television sets that most customers can reasonably expect to achieve;

3.  Repair or replace all television sets; and

4.  Ensure that any future claims are supported by adequate research.

## V.  Offer of Compromise

If Panasonic agrees to a proceeding requests, we will take no further action in this matter, nor will we make any claim for attorney's fees.

*Re: Violations of California's Consumer Legal Remedies Act*
May 7, 2010
Page 3

Please contact me at any time if you would like to discuss this matter.

Very truly yours,

Aashish Y. Desai
MOWER, CARREON & DESAI, LLP

AYD:kds

# EXHIBIT B

| CASE SUMMARY | | | | |
|---|---|---|---|---|
| **Case No.** | **Case Title** | **Case Type** | **Filing Date** | **Category** |
| 30-2010-00389759-CU-BT-CXC | SCOTT NOVOTNY VS. PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA | BUSINESS TORT | 07/14/2010 | CIVIL - UNLIMITED |

## Participants
Results 1 - 4 of 4

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| PANASONIC CONSUMER ELECTRONICS COMPANY | DEFENDANT | | 07/15/2010 | |
| SCOTT NOVOTNY | PLAINTIFF | | 07/15/2010 | |
| MOWER CARREON & DESAI LLP | ATTORNEY | | 07/15/2010 | |
| PANASONIC CORPORATION OF NORTH AMERICA | DEFENDANT | | 07/15/2010 | |

## Hearings
Results 1 - 1 of 1

| Event | Scheduled Date | Start Time | Dept | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/13/2010 | 09:00 | CX103 | BAUER |

## Register of Actions
Results 1 - 11 of 11

| ROA # | Add to Cart +/- | Docket Entry | Filing Date | Pages |
|---|---|---|---|---|
| 11 | | PROOF OF PERSONAL SERVICE FILED BY NOVOTNY, SCOTT ON 07/26/2010 | 07/26/2010 | 2 |
| 10 | | E-FILING TRANSACTION 25406 RECEIVED ON 07/26/2010 11:35:23 AM. | 07/26/2010 | |
| 9 | | MINUTES FINALIZED FOR CHAMBERS WORK 2010-07-19 09:18:00.0. | 07/19/2010 | 2 |
| 8 | | THE STATUS CONFERENCE IS SCHEDULED FOR 12/13/2010 AT 09:00 PM IN DEPARTMENT CX103. | 07/19/2010 | |
| 7 | | STATUS CONFERENCE SCHEDULED FOR 12/13/2010 AT 09:00:00 PM IN CX103 AT CIVIL COMPLEX CENTER. | 07/19/2010 | |
| 6 | | CASE ASSIGNED TO JUDICIAL OFFICER BAUER, RONALD ON 07/14/2010. | 07/14/2010 | 1 |
| 5 | | PAYMENT RECEIVED BY FOR 133- COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 905.00, TRANSACTION NUMBER AND RECEIPT NUMBER 10506470. | 07/15/2010 | 1 |
| 4 | | SUMMONS ISSUED AND FILED FILED BY NOVOTNY, SCOTT ON 07/14/2010 | 07/14/2010 | 2 |
| 3 | | CIVIL CASE COVER SHEET FILED BY NOVOTNY, SCOTT ON 07/14/2010 | 07/14/2010 | 1 |
| 2 | | COMPLAINT FILED BY NOVOTNY, SCOTT ON 07/14/2010 | 07/14/2010 | 37 |
| 1 | | E-FILING TRANSACTION 24466 RECEIVED ON 07/14/2010 03:13:04 PM. | 07/15/2010 | |

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198 ·

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | | *FOR COURT USE ONLY* |
|---|---|---|
| Telephone No.:                     Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                     Bar No: | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | | **CASE NUMBER:** |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
            ☐ Under section 1141.11 of the Code of Civil Procedure
            ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____       _____       _____
                           (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____       _____       _____
                           (SIGNATURE OF DEFENDANT OR ATTORNEY)       (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

# SUPERIOR COURT OF CALIFORNIA

**ORANGE**

**751 W. Santa Ana Blvd**

**Santa Ana , CA 92701**

**(657) 622-5300**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2010-00389759-CU-BT-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>   Ronald L. Bauer | Civil Complex Center | CX103 | |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  07/15/2010

Margaret M Demaria_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**



# SUPERIOR COURT OF CALIFORNIA
**COUNTY OF ORANGE**

**Superior Court of California, County of Orange**

751 W. Santa Ana Blvd
Santa Ana, CA 92701

**E-Filing Transaction #:** 24466

**PAYMENT RECEIPT**

**Receipt #:** 10506470

| Clerk ID: mdemaria | Transaction No: 10682598 | Transaction Date: 07/15/2010 | Transaction Time: 08:25:53 AM |
| --- | --- | --- | --- |

| Case Number | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 30-2010-00389759-CU-BT-CXC | 133- Complaint or other 1st paper | 1 | $355.00 | $355.00 | $355.00 | | $0.00 |
| 30-2010-00389759-CU-BT-CXC | 34 - Complex Case Fee - Plaintiff | 1 | $550.00 | $550.00 | $550.00 | | $0.00 |

| | | |
| --- | --- | --- |
| Sales Tax: | $0.00 | |
| Total: | $905.00 | Total Rem. Bal: $0.00 |
| E-Filing: | $905.00 | |
| Total Amount Tendered: | $905.00 | |
| Change Due: | $0.00 | |
| Balance: | $0.00 | |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

Date: 07/19/2010                    Time: 09:18:00 AM        Dept: CX103

Judicial Officer Presiding:Under the direction of Ronald L. Bauer
Clerk: Janet E Frausto
Reporter/ERM: None
Bailiff/Court Attendant: None

Case No: **30-2010-00389759-CU-BT-CXC** Case Init. Date: 07/14/2010
Case Title: **Novotny vs. Panasonic Consumer Electronics Company, a Division of Panasonic Corporation of North America**
Case Category: Civil - Unlimited        Case Type: Business Tort

EVENT ID/DOCUMENT ID: 71025274
EVENT TYPE: Chambers Work

### APPEARANCES

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Status Conference is scheduled for 12/13/2010 at 09:00 PM in Department CX103.

Plaintiff shall, at least 10 before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Pl;aintiff and Pl;aintiff to give notice to all other parties.

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy

Date: 07/19/2010                    MINUTE ORDER                    Page: 1
Dept: CX103                                            Calendar No.:

Case Title: **Novotny vs. Panasonic Consumer Electronics Company, a Division of Panasonic**

Case No: **30-2010-00389759-CU-BT-CXC**

of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 7/19/2010, at Santa Ana, California.

ALAN CARLSON/Executive Officer & Clerk Of The Superior Court, by: Janet Frausto  deputy.

*Janet Frausto*

Aashish Y. Desai
MOWER CARREON & DESAI LLP
8001 Irvine Center Drive, Suite 1450
Irvine,  CA  92618

Date: 07/19/2010
Dept: CX103

MINUTE ORDER

Page: 2
Calendar No.:

Page 54

 CT Corporation

**Service of Process
Transmittal**
07/19/2010
CT Log Number 516972359

**TO:** Robert Marin, Vice President & Gen'l Counsel
Panasonic Corporation of North America
One Panasonic Way, Panazip 1B-7
Secaucus, NJ 07094-

**RE: Process Served in California**

**FOR:** Panasonic Corporation of North America (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Scott Novotny, invidually and on behalf of all others similarly situated, Pltf. vs. Panasonic Consumer Electronics Company, etc., et al. including Panasonic Corporation of North America, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Complaint, Demand for Jury Trial, Exhibit(s), Cover Sheet, Notice, Information, Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA Case # 30201000389759CUBTCXC |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Class Action - False Advertising - 2008-2010 Panasonic Viera plasma televisions - Failure to disclose facts required regarding the amount of "black" the televisions produce |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2010 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Ashish Y. Desai Mower, Carreon & Desai, LLP 8001 Irvine Center Drive Suite 1450 Irvine, CA 92618 949-474-3004 |
| **REMARKS:** | Please note that page 2 of Cover Sheet was not received with documents at time of service. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790228512014 Image SOP Email Notification, Barbara Barrales barbara.barrales@us.panasonic.com Email Notification, Robert Marin bob.marin@us.panasonic.com Email Notification, Kristen Andriola kristen.andriola@us.panasonic.com Email Notification, Courtney Penalver courtney.penalver@ext.us.panasonic.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / CH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

# California Secretary of State Debra Bowen

## Business Entities (BE)

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Mail Processing Times**

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Annual/Biennial Statements

Filing Tips

**Information Requests**
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

**Customer Alert**
(misleading business
solicitations)

## Business Entity Detail

Data is updated weekly and is current as of Friday, August 06, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | PANASONIC CORPORATION OF NORTH AMERICA |
| **Entity Number:** | C0759042 |
| **Date Filed:** | 11/28/1975 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | DELAWARE |
| **Entity Address:** | ONE PANASONIC WAY, 7I-1 |
| **Entity City, State, Zip:** | SECAUCUS NJ 07094 |
| **Agent for Service of Process:** | C T CORPORATION SYSTEM |
| **Agent Address:** | 818 WEST SEVENTH STREET |
| **Agent City, State, Zip:** | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section** ; service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

Modify Search   New Search   Printer Friendly   Back to Search Results

Privacy Statement | Free Document Readers

Copyright © 2010   California Secretary of State

1 of 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1226 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs)*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

 

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> SCOTT NOVOTNY, individually, and on behalf of all others similarly situated, | **DEFENDANTS** <br> PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, and PANASONIC CORPORATION OF NORTH AMERICA, a California corporation, and DOES 1 through 100, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Mower, Carreon & Desai LLP <br> Aashish Y. Desai (SBN 187394), M. Adrianne De Castro (SBN 238930) <br> 8001 Irvine Center Drive, Suite 1450, Irvine, CA 92618 <br> Telephone: (949) 474-3004 Facsimile: (949) 474-9001 <br> Email: desai@mocalaw.com; decastro@mocalaw.com | Attorneys (If Known) <br> Dewey & LeBoeuf LLP <br> Matthew M. Walsh (SBN 175004) <br> Mindy M. Yu (SBN 267550) <br> 333 South Grand Avenue, Suite 2600, Los Angeles, California 90071 <br> Telephone: (213) 621-6000 Facsimile: (213) 621-6100 <br> Email: mwalsh@dl.com; myu@dl.com |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Under 28 U.S.C. §§ 1332(d) and 1453 of the Class Action Fairness Act of 2005, original jurisdiction exists over any class action in which the matter in controversy exceeds the sum or value of $5,000,000 and any member of a class of plaintiffs is a citizen of a State different from any defendant.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV10-01226 DOC (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | California |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Panasonic Consumer Electronics Company: New Jersey (principal place of business) and Delaware (state of incorporation); Panasonic Corporation of North America: New Jersey (principal place of business) and Delaware (state of incorporation) |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | California |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____　Date　8/12/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

LA1 261286