MATTHEW M. WALSH (SBN 175004)
mwalsh@dl.com
MINDY YU (SBN (SBN 267550)
myu@dl.com
DEWEY & LEBOEUF LLP
333 South Grand Avenue Suite 2600
Los Angeles, CA 90071-1530
Telephone: (213) 621-6000
Facsimile: (213) 621-6100

Attorneys for Defendants
PANASONIC CONSUMER ELECTRONICS
COMPANY, A DIVISION OF PANASONIC
CORPORATION OF NORTH AMERICA, AND
PANASONIC CORPORATION OF NORTH AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| SCOTT NOVOTNY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, and PANASONIC CORPORATION OF NORTH AMERICA, a California corporation, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. SACV-10-1226 DOC (RBNx)<br><br>Hon. David O. Carter<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>Complaint Filed: July 14, 2010<br><br>Hearing Date: September 20, 2010<br>Time: 8:30 a.m.<br>Courtroom: 9D |

## I. INTRODUCTION.

Plaintiff Scott Novotny's proposed California class action alleges that defendants marketed and sold Panasonic Viera plasma televisions that failed to conform to specified black levels and contrast ratios over the course of regular use. This action parallels another case filed five months earlier in New Jersey federal court seeking to certify a nationwide class as to the exact same alleged conduct against these exact same defendants. Under the "first to file" rule, the second-filed district court should decline jurisdiction over cases such as this because they are properly before another district court. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). Indeed, the New Jersey action even features a named plaintiff from California who bought his television months before Novotny and who, like Novotny, asserts class claims under California's Unfair Competition Law and Consumer Legal Remedies Act. Novotny's redundant action violates principles of comity and undermines judicial efficiency. The Court should transfer it to New Jersey.

## II. STATEMENT OF FACTS.

### A. The Hughes Action Pending In New Jersey.

#### 1. The Original Hughes Complaint.

On February 12, 2010, plaintiff Shane Hughes filed a purported class action against Panasonic Consumer Electronics Company and Panasonic Corporation of North America ("Panasonic").[1]  Walsh Decl. Exh. A. Hughes alleged he purchased a Panasonic plasma television in June 2009 that was marketed by Panasonic "as having industry leading black levels and native contrast ratios." Id. at ¶ 4. Soon after his purchase, however, the television's images allegedly degraded, which he attributed to an increase in the television's luminance level. Id. at ¶¶ 5, 8.

---

[1] Because Panasonic Consumer Electronics Company is an unincorporated division of Panasonic Corporation of North America, these are not two separate defendants, but rather the same entity –PCNA – sued under two names.

1

Consequently, Hughes brought this putative class action in which he proposes to represent a nationwide class of "[a]ll individuals and entities who own or purchased 2008/2009 model Panasonic Viera Televisions." Id. at ¶ 42. The initial Complaint sought relief (a) under New Jersey's Consumer Fraud Act; (b) for breach of express warranty; (c) for breach of implied warranty; and (d) for unjust enrichment. Id. at ¶¶ 50-80.

2. The First Amended New Jersey Complaint.

On June 4, 2010, Hughes filed a first amended complaint based on the same core allegations pertaining to the picture quality of Panasonic Viera plasma televisions. Walsh Decl. Exh. B. Hughes, however, was joined in the FAC by four additional named plaintiffs, including Franklin Wesley Donahue, a California resident who alleges he purchased a Panasonic Viera plasma television on December 31, 2009. Id. at ¶¶ 11, 42. The five named plaintiffs seek to represent the same class identified in the original complaint. Id. at ¶ 106. In addition to the claims asserted in the original complaint, the FAC adds a count for "violations of state consumer protection laws" on behalf of various proposed state subclasses. Id. at ¶¶ 122-127. Among other things, plaintiffs there allege that

> Panasonic engage[d] in unfair business practices relating to the research, design, manufacture, advertising, marketing, distributing and selling of the Televisions to consumers, in violation of California law, including the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. and the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.

Id. at ¶ 126.

B. The Subsequent Novotny Action in California.

On July 14, 2010, plaintiff Scott Novotny filed this proposed class action in Orange County Superior Court. Novotny alleges he purchased a Panasonic Viera Plasma TV in March 2010 based on Panasonic's representations regarding the picture quality. Novotny Compl. ¶¶ 9, 10, 14. Novotny claims, however, that Panasonic

2

misrepresented the black levels and contrast ratios in these televisions as the picture quality degraded over time. Id. ¶¶ 1, 9, 11. Like the plaintiffs in Hughes, Novotny blames the issue on automatic voltage adjustments which he contends increase the television's background brightness over time. Id. ¶ 10. Novotny seeks to represent a class of "[a]ll persons in California who purchased the 2008-2010 Panasonic Viera Plasma TVs at any time during the four years preceding the filing of this Complaint." Id. ¶ 18. He seeks relief under (a) California Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); (b) California Bus. & Prof. Code §§ 17500, et seq.; (c) California's Consumers' Legal Remedies Act, Civ. Code §§ 1750, et seq. (the "CLRA"); and (d) breach of warranty law. Id. ¶¶ 34-53.

Novotny served Panasonic's California registered agent for service of process on July 19, 2010. On August 12, 2010, Panasonic removed this action to the Court under the provisions of the Class Action Fairness Act, 28 U.S.C. §§ 1441, 1446, 1453.

### III. ARGUMENT

#### A. The First to File Rule Requires Transfer of this Action.

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter, 678 F.2d at 94-95 (affirming dismissal of second-filed action); Tompkins v. Basic Research, 2008 WL 1808316, at *6 (E.D. Cal April 22, 2008) (granting motion to transfer action to the first-filed venue). Courts fashioned this rule to promote efficiency, to avoid duplicative litigation, and "to avoid the embarrassment of conflicting judgments." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); see also Church of Scientology of Cal. v. U.S. Dep't of the Army, 611 F.2d 738, 749 (9th Cir.1979) ("[t]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-

3

filed rule."); Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F.Supp.2d 949, 958-859 (first-to-file rule applied because parties and issues in both actions were sufficiently similar).

The first to file analysis rests on three issues: (1) the chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. Alltrade, 946 F.2d at 625. These two actions satisfy all three elements.

First, the New Jersey Hughes Action—filed on February 12, 2010—predates the Novotny action, filed July 14, 2010. See Walsh Decl. Exh. A and B. See Intersearch Worldwide, Ltd. 544 F.Supp.2d at 958 (to satisfy the chronology requirement, "[a]ll this Court is concerned with is whether the [the first-filed Court] had the matter before [the second-filed Court] first, which in this case, it did."). Indeed, not that it really matters, but even the Hughes FAC adding a proposed California class representative and California-specific legal claims predated Novotny's action by more than a month. This element is met.

Second, as to the uniformity of the parties, it bears noting that the parties need only be "substantially similar," not identical. Dumas v. Major League Baseball Props., Inc., 52 F.Supp.2d 1183, 1189-1193 (S.D. Cal. 1999), vacated on other grounds by, 104 F.Supp.2d 1224 (S.D. Cal. 2000), aff'd, 300 F.3d 1083 (9th Cir. 2002) (parties and issues were substantially similar, satisfying first to file rule). This is especially the case in class actions, where "the classes, and not the class representatives, are compared." Weinstein v. Metlife Inc., 2006 WL 3201045, *5 (N.D. Cal. Nov. 6, 2006) (applying first to file rule in the face of different named class representatives because "[t]he issues and parties appear to substantially (if not completely) overlap."); Dist. Council 37 Health & Sec. Plan v. McKesson, 2006 WL 1305235, *2-3 (N.D. Cal. May 11, 2006) (finding parties "substantially similar" and applying first-to-file rule even though the named plaintiffs in the two proposed class actions different); Peak v. Green Tree Finance Serv. Corp., 2000 WL 973685, at *2

4

(N.D. Cal. July 7, 2000) (dismissing case under first to file rule even though named plaintiffs were different).

The defendants in both actions are identical, and the proposed nationwide New Jersey plaintiff class entirely overlaps Novotny's proposed California plaintiff class. The parties in these two actions are thus "substantially similar" for purposes of the first-to-file rule. Tompkins, 2008 WL 1808316, at *6 (class members in a putative California-wide UCL class action were subsumed by the proposed nationwide class in a first-filed Utah action: "[w]hile the Utah action includes plaintiffs in addition to California consumers, this does not negate a finding of substantial similarity.").

Finally, the issues in the two actions must be "substantially similar" to apply the first to file rule. Nakash v. Marciano, 882 F. 2d 1411, 1416 (9th Cir. 1989) (applying first to file rule even though "exact parallelism does not exist"); see also Dumas, 52 F.Supp.2d at 1193 (need only "substantial overlap between the two suits."). Said differently, slight differences in the claims asserted do not prevent application of the rule when the underlying alleged conduct is almost identical. See Dumas, 52 F.Supp.2d at 1193; Wright v. RBC Capital Markets Corp., 2010 WL 2599010, *7 (E.D. Cal. June 24, 2010). (applying first-to-file rule to avoid waste of judicial resources when the two suits involved the same evidence, damages and putative class).

Here, both actions are grounded on same alleged design and marketing issues regarding the purported shifting of black levels and contrast ratios in Panasonic Viera plasma televisions due to adjustments to voltage and a corresponding increase in background luminescence over time. Compare Novotny Compl. ¶¶ 10, 13; Hughes FAC ¶¶ 3-5, 85. Both complaints contain most of the same causes of action, including violations of the UCL, the CLRA, and breach of warranty. Novotny Compl. ¶¶ 12, 34-54; Hughes FAC ¶¶ 126, 128. While the precise causes of action

5

vary slightly,[2] the gravamen of both actions is the same and the claims substantially similar. The evidence, witnesses and proof in the two actions are virtually or literally identical. See, e.g., Dumas, 52 F.Supp.2d at 1193 (although second-filed California suit had UCL claim and first-filed New York suit did not, first-to-file rule still applicable because underlying complained-of conduct almost identical); Peak, 2000 WL 973685, at *4 (allowing two courts to adjudicate the same issues "would both impede judicial efficiency and run a significant risk of conflicting judgments."); Tompkins, 2008 WL 1808316, at *6 (because issues of liability significantly overlapped in both actions with UCL and CLRA claims, "they would most efficiently be resolved by the same court…such an approach would also lower the risk of inconsistent judgments."). Because the two actions involve substantially similar issues, the first to file rule applies.

    **B.**    **No Exception to the First-to-File Rule Applies.**

It is true that on occasion district courts have denied a first to file motion when the court found the filing of the first suit was an anticipatory suit or evidenced bad faith or forum shopping. Alltrade, 946 F.2d at 628. These exceptions are inapplicable here because the usual role-reversal in first to file disputes is not present. That is, normally the plaintiff in the first-filed suit becomes the defendant in the second-filed suit, with its counter-party similarly switching sides. Here, Panasonic is the defendant in both suits. For instance, a suit is anticipatory—and thus possibly outside the first to file rule—when the first-filed plaintiff sued after receiving specific, concrete indications that a suit by defendant was imminent. Ward v. Follett Corp., 158 F.R.D. 645, 158 (N.D. Cal. 1994). Such "anticipatory strikes" are disfavored because they exemplify forum shopping. Callaway Golf Company v.

---

[2] The Hughes FAC contains additional counts for violations of various other states' consumer protection statutes, a claim for breach of the implied warranty of merchantability, and a claim for unjust enrichment while the Novotny Complaint contains a claim for violation of California's Business & Professions Code § 17500. Hughes FAC ¶¶ 123-125, 140-158; Novotny Compl. ¶¶ 40-45..

6

1  Corporate Trade Inc., 2010 WL 743829, *4 (S.D. Cal, March 1, 2010). That certainly
2  is not the case here. Panasonic was never going to sue the New Jersey plaintiffs over
3  alleged defects in its Viera Plasma televisions. Equally inapplicable are the "bad
4  faith" and "forum shopping" exceptions. Those apply when it is determined that a
5  plaintiff improperly filed the first-filed suit, in which case the second-filed suit is
6  sometimes permitted to survive. Panasonic, however, is not the plaintiff in either
7  action, making these exceptions inapplicable. In summary, because the plaintiffs and
8  defendants have not switched roles in these two cases, none of these exceptions to the
9  first-to-file rule applies here.

### IV. CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Panasonic respectfully requests the Court to enter an Order transferring this action to the United States District Court for the District of New Jersey pursuant to the first to file rule.

Dated: August 23, 2010

DEWEY & LeBOEUF LLP

By: _____
Matthew M. Walsh
Mindy M. Yu

Attorneys for Defendants PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, AND PANASONIC CORPORATION OF NORTH AMERICA

261265

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY